# 25-2213

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

MYRA S. SMITH,

Plaintiff-Appellant,

v.

CITY OF NEW YORK,

Defendant-Appellee.

On Appeal from the United States District Court
for the Southern District of New York

Brief of Appellant Myra S. Smith

Myra S. Smith, Pro Se
919 Park Place #3M
Brooklyn, New York 11213
929-215-7537

# 25-2213

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

---

MYRA S. SMITH,

Plaintiff-Appellant,

v.

CITY OF NEW YORK,

Defendant-Appellee.

---

On Appeal from the United States District Court
for the Southern District of New York

---

Brief of Appellant Myra S. Smith

Myra S. Smith, Pro Se
919 Park Place #3M
Brooklyn, New York 11213
929-215-7537

Page 1

# TABLE OF CONTENTS

Page(s)

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Statutes and Rules . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Statement of Subject Matter and Appellate Jurisdiction . . . . . . . . . . . . . . 4

Statement of the Issues Presented for Review . . . . . . . . . . . . . . . . . . 5

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Statement of the Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Summary of the Argument . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Certificate of Compliance . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

# Table of Authorities

## CASES

*McDonnell Douglas Corp. v. Green*, 411 US 792, 93 S.Ct. 1817, 36. L.Ed.. 2d 668 5

*Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) . . . . . . . . . . . . . . . . . . 8

*Smith v. The City of New York*, 16-v-9244, July 12, 2018 . . . . . . . . . . . . . . . 8

*Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) . . . . . . . . . . . . 5

*Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) . . . . . . . . . . . . . . . . . 8

*Zheng-Smith v. Nassau Health Care Corporation*, 20-3544-cv, April 19, 2021 . . 8

## STATUTES

28 U.S.C. §§ 8901 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

29 U.S.C. §§ 621 to 634 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

New York Human Rights Law §§ 290 to 297 . . . . . . . . . . . . . . . . . . . . . . . 4

New York City Human Rights Law §§ 8-101 to 131 . . . . . . . . . . . . . . . . . . 4

## RULES

FED. R. CIV. P. 28(a)(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

1. The District Court is holding the Plaintiff-Appellant to a standard which is contrary to the interest of justice, by requiring the aggrieved party who is not an attorney and did not have the ability to seek an attorney due to the very reasons the Plaintiff-Appellant filed the lawsuit. The Lower Court is requiring the Plaintiff-Appellant to overnight become a high-powered attorney as opposed to trying to eek out justice based upon the limitation at hand. *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

2. The District Court did require the Plaintiff-Appellant to know what "standard applies" to evidence which she simply did not know. Without that knowledge, however, Plaintiff-Appellant could not present evidence to meet the standard even though such evidence does [and did at the time] exist, *Chavis v. Chappius*, *Id.*

## STATEMENT OF SUBJECT MATTER
## AND APPELLATE JURISDICTION

On September 18, 2023, Plaintiff MYRA S. SMITH ("Plaintiff-Appellant") filed an Amended Complaint for Employment Discrimination against Defendant CITY OF NEW YORK, ("Defendant-Appellee") pursuant to Age Discrimination in Employment act of 1967, as codified, 29 U.S.C. §§ 621 to 634, Retaliation, New York Human Rights Law §§ 290 to 297 ("NYSHRL"), and New York City Human Rights Law §§ 8-101 to 131 ("NYCHRL"), over which the District Court exercised jurisdiction. By Order (the "Order") dated August 26, 2025, the District Court denied Plaintiff-Appellant's Letter Motion . This Court has appellate jurisdiction pursuant to FRAP 28(a)(4)(d), because this appeal is from a final Order that disposes of all claims with respect to the parties.

## STATEMENT OF THE CASE

On September 18, 2023, Plaintiff MYRA S. SMITH ("Plaintiff-Appellant") filed an Amended Complaint for Employment Discrimination against Defendant CITY OF NEW YORK, ("Defendant-Appellee") pursuant to Age Discrimination in Employment act of 1967, as codified, 29 U.S.C. §§ 621 to 634, Retaliation, New York Human Rights Law §§ 290 to 297 ("NYSHRL"), and New York City Human Rights Law §§ 8-101 to 131 ("NYCHRL"), over which the District Court exercised jurisdiction. By Order (the "Order") dated August 26, 2025, the District Court denied Plaintiff-Appellant's Letter Motion . This Court has appellate jurisdiction pursuant to FRAP 28(a)(4)(d), because this appeal is from a final Order that disposes of all claims with respect to the parties.

This Appeal is from the final Order of Justice Jennifer L. Rochon, United States District Judge.

## STATEMENT OF THE FACTS

The Lower Court Judge did rule against Plaintiff-Appellant in the final Order rendered, because Plaintiff-Appellant had failed to clearly and concisely make the point necessary to reach the legal standards required at a minimum.

.aintiff-Appellant who was and remains *pro se* in this and the underlying action is not a lawyer and did not know what point to make or how to properly make it, legally, instead made a point which was true, but not relevant or sufficient for the Court.

## SUMMARY OF THE ARGUMENT

This Court should reverse the District Court's Order because the Lower Court overlooked the evidence presented by Plaintiff-Appellant which was not properly legally framed, because, according to *Zheng-Smith v. Nassau Health Care Corporation*, 20-3544-cv, April 19, 2021[1], generally courts afford special solicitude to *pro se* litigants. *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010).

---

[1] WESTLAW, copyright 2021 Thomson Reuters. No claim to original U.S. Government Works.

According to the Court in *Smith v. The City of New York*, 16-v-9244, July 12, 2018, the Lower Court has the ability to give liberal consideration to the limitations of the aggrieved party who is also trying, amongst all of the other things stated hereinabove, to be a lawyer in the highest court in the land with no knowledge, information, training or counsel at all in a system which is not known to be sympathetic or considerate of the grievances which are the basis for the complaint in the first place.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that this Court reverse the Order of the Lower Court with a finding of fact in favor of the Plaintiff-Appellant. In the alternative, this Court could remand the case for a fair and impartial trial before an unprejudiced jury on proper evidence and under correct instructions as is just and proper.

Respectfully submitted,

MYRA S. SMITH, *PRO SE*
Plaintiff-Appellant
919 Park Place #3M
Brooklyn, New York 11213
929-215-7357
718-771-2048

Page 10

## CERTIFICATE OF COMPLIANCE

This brief contains about 1,429 (or less than 14,000) words.


_Myra S. Smith_
MYRA S. SMITH, *PRO SE*
Plaintiff-Appellant

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

MYRA S. SMITH,
Plaintiff-Appellant,

Docket Number 25-2213
CERTIFICATE OF SERVICE

v.

THE CITY OF NEW YORK,
Defendant-Appellee.

I, MYRA S. SMITH, hereby certify under penalty of perjury that on 02/05/2026 ,
I served a copy of Plaintiff-Appellant's Brief by Personal Delivery on the following
party for Defendant-Appellee:

JAMISON DAVIES, APPEALS DIVISION
NEW YORK CITY LAW DEPARTMENT
Attorney for Defendant-Appellee
100 Church Street
New York, New York 10007

GEORGIA M. PESTANA
CORPORATION COUNSEL OF THE CITY OF NEW YORK
By: Ruth Jeannite, Assistant Corporation Counsel
Attorney for Defendant
100 Church Street
New York, New York 10007

Dated: 5 February 2026

Myra S. Smith